IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| LEONARDO REED, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 16-3994 (JBS-JS) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. | |

APPEARANCES:

J. Andrew Ruymann, Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, NJ 08608
    Attorneys for Defendant United States of America

Leonardo Reed
10152-084
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, District Judge:**

I.    **INTRODUCTION**

    Before the Court is Defendant United States of America's motion to dismiss Plaintiff Leonardo Reed's Federal Tort Claims Act ("FTCA") complaint. Motion, Docket Entry 9. Plaintiff opposes the motion. Opposition, Docket Entry 10. The motion is being decided on the papers pursuant to Federal Rule of Civil

Procedure 78. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

Plaintiff is a prisoner confined at FCI Fort Dix, a federal prison in New Jersey run by the Bureau of Prisons, a United States agency. According to the complaint, staff at Fort Dix placed "razor wire" in various locations throughout the facility in areas that are accessible to inmates, including but not limited to the recreation area. Complaint ¶ 12. Plaintiff alleges that several inmates have received injuries due to the placement of the wire, which "generally reaches to just above knee level with some areas reaching face level." *Id.* ¶¶ 15-16.

Plaintiff states he was playing softball in the recreation yard on June 22, 2015 when a ball fell into an area "within the razor wire." *Id.* ¶ 27. He alleges that as "[i]nmates are tasked with retrieving the balls from within the razor wire[,]" he went to retrieve the ball and sustained a cut from the wire. *Id.* ¶¶ 25, 28. According to the complaint, the razor wire cut into Plaintiff's left wrist and caused "heavy blood loss." *Id.* ¶ 29. Plaintiff was left with a "½ inch keloid type scar." *Id.* ¶ 33. He filed an administrative grievance with the Bureau of Prisons pursuant to the FTCA, which was denied on March 25, 2016. This complaint followed three months later.

Defendants ask that the complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**III. STANDARD OF REVIEW**

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d

3

780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

**IV. ANALYSIS**

Defendant argues Plaintiff has failed to state a claim for relief because complaint does not properly plead proximate cause. Motion at 1.[1]

Here, Plaintiff has alleged Defendant placed razor wire in the recreation area at the levels of the recreating inmates' knees and faces. Complaint ¶¶ 12, 15, 17-18, 21. Defendant argues there is no "but for" causation because Plaintiff chose to retrieve the ball from an area with visible razor wire. However, New Jersey recognizes two distinct forms of causation: "but for" and "substantial factor." *See Komlodi v. Picciano*, 89 A.3d 1234, 1254–55 (N.J. 2014).[2] "A proximate cause need not be the sole cause of harm. It suffices if it is a substantial contributing factor to the harm suffered." *Perez v. Wyeth Labs. Inc.*, 734 A.2d 1245, 1261 (N.J. 1999). Therefore, Defendant may be liable for Plaintiff's injury "if its negligent conduct was a

---

[1] "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014).

[2] New Jersey substantive law governs in this FTCA action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008), *as amended* (Sept. 29, 2008).

substantial factor in bringing about the injuries, even where there are other intervening causes which were foreseeable or were normal incidents of the risk created." *Komlodi*, 89 A.3d at 1254 (internal citations and quotation marks omitted). The fact that Plaintiff may bear some responsibility for his injury does not necessarily mean Defendant's actions were "not a remote, trivial or inconsequential cause" of Plaintiff's injury. New Jersey Model Jury Charge (Civil) 6.12 "*Proximate Cause – Where There is Claim that Concurrent Causes of Harm Were Present*" (May 1998).

Plaintiff alleges he and other inmates are "tasked" with retrieving any balls that leave the playing field. *Id.* ¶ 25. As the Court must accept this fact as true for purposes of a motion to dismiss, it is a reasonable possibility that retrieving the ball was not a "voluntary" act since Plaintiff would be required to follow an order from a prison official.[3] *See Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 470 (3d Cir. 2013) ("Voluntariness requires that the injured party 'had a real

---

[3] Defendant argues that Plaintiff does not specifically allege he was ordered to retrieve the ball. The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). It is not unreasonable to infer from the facts alleged in the complaint that Plaintiff was directed to retrieve the ball.

"choice."'"(quoting *Kaplan v. Exxon Corp.*, 126 F.3d 221, 226 (3d Cir. 1997))). The precise circumstances of the "task" and the degree to which Plaintiff is responsible for his injury are questions that cannot be resolved in Defendant's favor at this early stage.

Accepting the facts stated in the complaint as true, there is a reasonable inference of proximate cause. Defendant's motion is denied, and shall answer the complaint within 14 days of the entry of this order. Fed. R. Civ. P. 12(a)(4).

**V. CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is denied. An appropriate order follows.


**June 26, 2017**                    **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge